# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-60329
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LEMONT BAGGETT

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:07-CR-164-1

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lemont Baggett appeals his guilty plea conviction and 30-month sentence for aiding and abetting in passing counterfeit United States obligations and securities. Baggett argues that the Government breached the plea agreement because it did not request a sentence at the bottom of the sentencing guidelines range and it moved for a sentence above the advisory guidelines range. The Government argues that there was no provision in the plea agreement with respect to the sentence to be imposed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The plea agreement demonstrates that the Government did not promise to recommend a sentence at the low end of the guidelines range. Baggett produced no evidence to support his alleged understanding of the terms of the agreement. Baggett has not shown by a preponderance of the evidence that the Government breached the plea agreement. See United States v. Gonzalez, 309 F.3d 882, 886 (5th Cir. 2002).

We reject Baggett's argument that the district court erred by failing to give him notice that it was going to vary from the guidelines range in violation of Federal Rule of Criminal Procedure 32(h). The district court was not required to give such advance notice. Irizarry v. United States, 128 S. Ct. 2198, 2202-04 (2008). Further, Baggett was placed on notice that a variance might be imposed. Baggett has not shown that the district court plainly erred in failing to provide notice of its intent to impose a variance. See United States v. Baker, 538 F.3d 324, 332 (5th Cir. 2008), cert. denied, ___ S. Ct. ___, 2009 WL 56591 (2009).

Baggett argues that the district court imposed an unreasonable sentence by varying upward from the sentencing guidelines range to a sentence of 30 months. He contends that the district court erroneously relied on factors that had been considered in calculating the guidelines range and did not consider the mitigating factors that showed that he had changed his lifestyle.

We review a sentence to determine whether it is procedurally unreasonable, and if it is not, we review for substantive reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007). A district court should use the advisory guidelines sentencing range as "the starting point and the initial benchmark" but should then consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Gall. 128 S. Ct. at 596.

The record demonstrates that the district court relied on the proper sentencing guidelines range as a starting point in its analysis and considered the arguments of counsel and the mitigating circumstances presented by Baggett at sentencing. The district court explained that Baggett's criminal history dated

back to 1979, that Baggett had been convicted of murder and drug offenses, and that Baggett committed the instant offense while he was under federal supervision. The district court was authorized to consider factors already considered by the Guidelines. See United States v. Brantley, 537 F.3d 347, 350 (5th Cir. 2008). The district court did not commit procedural error at sentencing. See Gall, 128 S. Ct. at 597.

The district court explained that a variance was necessary to deter Baggett from engaging in further criminal conduct and to protect the public from further crimes by Baggett, both § 3553(a) factors. Considering "the totality of the circumstances," the district court's variance from the sentencing guidelines range was not an abuse of discretion. See Gall, 128 S. Ct. at 597.

Baggett argues that he was denied the effective assistance of counsel because counsel failed to object to the Government's breach of the plea agreement and to the variance at sentencing. He argues that counsel's ineffective assistance rendered his plea involuntary.

Generally, we do not review claims of ineffective assistance of counsel on direct appeal. United States v. Cantwell, 470 F.3d 1087, 1091 (5th Cir. 2006). We have "undertaken to resolve claims of inadequate representation on direct appeal only in rare cases" where the record was sufficient to allow a fair evaluation of the merits of the claim. United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987). Because the record does not provide sufficient detail to make a fair evaluation of the claims of ineffective assistance that Baggett argues on appeal, we decline to review the claims. See United States v. Gulley, 526 F.3d 809, 821 (5th Cir.), cert. denied, 129 S. Ct. 159 (2008).

AFFIRMED.